IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEVEN BUCKLEY and YOLANDA ALMONS,   PLAINTIFFS
Individually and as Personal Representative on
Behalf of the Wrongful Death Beneficiaries of
Bobbie Jenkins, Deceased

v.   CIVIL ACTION NO. 5:22-CV-26-DCB-FKB

JURY TRIAL DEMANDED

MANAGEMENT & TRAINING CORPORATION and
JOHN AND JANE DOES 1-100   DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Management & Training Corporation ("MTC"), by counsel, and files its Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* because it fails to state a claim against MTC upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs may have failed to join indispensable parties in order to properly adjudicate this matter, as set forth by Rules 12(b)(7) and 19 of the *Federal Rules of Civil Procedure.*

### THIRD DEFENSE

Venue is improper in the Western Division pursuant to Federal Rule of Civil Procedure 12(b)(3). Rather, venue in this matter is proper only in the Northern Division.

## FOURTH DEFENSE

Plaintiffs' claims may be barred by the applicable statutes of limitations, statutes of repose, the doctrines of laches, waiver and/or estoppel, release, and/or his failure to meet any other and further applicable filing deadlines.

## FIFTH DEFENSE

MTC is not and cannot be held vicariously liable for the actions of any employees or agents as alleged in Plaintiff's Complaint that were outside the course and scope of their employment with MTC. As a result, any allegations against MTC based upon its purported vicarious liability for the alleged conduct of any such employees or agents should be dismissed with prejudice.

## SIXTH DEFENSE

Plaintiffs may have failed to comply with all conditions precedent and with all statutory and/or due process and/or other requisites for filing the instant suit against MTC.

## SEVENTH DEFENSE

To the extent Plaintiffs have specifically and/or generally failed to exhaust any and all available administrative remedies prior to filing suit, plaintiffs' claims and Complaint are barred and must be dismissed.

## EIGHTH DEFENSE

Plaintiffs may lack standing to assert some or all of the claims made in their Complaint.

## NINTH DEFENSE

MTC strictly denies any and all allegations or claims that it, or any of its employees or agents acting in the course and scope of their employment violated, in any manner or nature

whatsoever, any provision of the United States Constitution or any other Federal law or any provision of the State's Constitution or any other state law.

## TENTH DEFENSE

MTC would show that any alleged injuries or damages suffered by Plaintiffs (including those related to the death of decedent, Bobbie Jenkins) as a result of the events complained of (which are denied) were caused solely by reason of the conduct of Plaintiffs and/or Plaintiffs' decedent, and that all actions of MTC were, in every sense, lawful, proper and responsible and were lawful and done in compliance with adopted policies and procedures.

## ELEVENTH DEFENSE

MTC specifically reserves and invokes all defenses available to it or to which it is entitled pursuant to any applicable state and federal law and other policies, standards, regulations, laws, statutes, authorities, and ordinances.

## TWELFTH DEFENSE

At all times relevant to Plaintiffs' Complaint, MTC acted in good faith reliance upon existing state and/or federal laws without malice, deliberate indifference, reckless disregard, injurious intent, or wrongful motive. As such, MTC has not engaged in any conduct that would support liability for damages to Plaintiffs under 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

Neither MTC nor its employees acting in the course and scope of their employment had any actual or constructive knowledge of any imminent danger to Plaintiff and/or Plaintiff's decedent at any time relevant to the allegations contained in the Complaint.

## FOURTEENTH DEFENSE

MTC and its agents acting within the course and scope of their employment would show that they exercised the degree of care which a reasonably prudent person would have exercised under similar circumstances and thus did not breach any applicable duty owed to Plaintiffs.

**FIFTEENTH DEFENSE**

MTC would show that all actions taken by or on behalf of it were done so in an objectively reasonable manner under the circumstances, and Plaintiffs and/or Plaintiffs' decedent suffered no injury or deprivation of any constitutional right or protection sufficient to support a claim under 42 U.S.C. § 1983.

**SIXTEENTH DEFENSE**

MTC has not authored, enacted, implemented, subscribed to, acquiesced to or upheld any law, regulation, policy, practice or custom that deprived Plaintiffs and/or Plaintiffs' decedent of any federal or state law rights and no such official policy, custom or practice proximately caused or contributed to any deprivation of any of Plaintiffs' rights protected by the state or federal Constitutions or any state or federal law.

**SEVENTEENTH DEFENSE**

While denying that MTC took any action against Plaintiffs and/or Plaintiffs' decedent for which it may be liable, MTC expressly pleads that each and every decision made or taken concerning Plaintiffs and/or Plaintiffs' decedent was made in good faith and based on legitimate and lawful reasons. Further, each and every action taken by MTC with respect to Plaintiffs and/or Plaintiffs' decedent was taken in accordance with applicable Federal and/or Mississippi statutory and case law, and/or other applicable law.

**EIGHTEENTH DEFENSE**

Plaintiffs have failed to articulate any unconstitutional policy on the part of MTC, and all constitutional claims against MTC should be dismissed, with prejudice.

**NINETEENTH DEFENSE**

MTC took prompt and reasonable action under the circumstances to correct and/or remedy any alleged wrongful conduct.

**TWENTIETH DEFENSE**

Plaintiffs' claims may be barred or preempted by Federal and/or Mississippi statutory and/or case law and/or the statutory caps and/or limitations found therein.

**TWENTY-FIRST DEFENSE**

Plaintiffs' recovery of damages, if any and which are specifically denied, is limited by applicable state and/or federal law and the statutory limitations therein.

**TWENTY-SECOND DEFENSE**

Plaintiffs and/or Plaintiffs' decedent failed to mitigate their alleged damages, which damages are fully and completely denied by MTC.

**TWENTY-THIRD DEFENSE**

If Plaintiffs and/or Plaintiffs' decedent were injured and/or damaged (including those injuries/damages related to the death of Plaintiffs' decedent), which injuries and damages are strictly denied, those injuries and damages were proximately caused or contributed to solely by the acts, wrongs, or omissions of Plaintiffs, Plaintiffs' decedent, or other persons, entities, forces, or things over which MTC had no control and/or for which MTC is not responsible. As to all such persons, including those not named as parties to this litigation, MTC pleads the apportionment,

contributory negligence, comparative negligence, and other provisions of *Miss. Code Ann.* § 85-5-7 and *Miss. Code Ann.* § 11-7-15.

**TWENTY-FOURTH DEFENSE**

MTC would affirmatively plead the protections available under Miss. Code Ann. § 85-5-7 and would show that the acts or omissions of others, for whom it has no responsibility or liability, are the sole proximate, or contributing, cause of Plaintiffs' injuries and/or damages, if any, and that a jury must be allowed to assess the proportionate share of fault to those parties and/or participants.

**TWENTY-FIFTH DEFENSE**

MTC pleads the protections afforded to it under Miss. Code Ann. § 11-1-60 and the associated "caps" on those damages that cannot be objectively verified pecuniary damages (*i.e.* pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in Plaintiffs' Complaint.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' injuries and damages (including those related to the death of Plaintiffs' decedent), if any and which are denied, were caused by intervening and/or superseding causes over which MTC had no control, and is thus not liable.

**TWENTY-SEVENTH DEFENSE**

To the extent Plaintiffs have settled or should hereafter settle for any of their alleged damages with any person/entity, then MTC is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-EIGHTH DEFENSE

Plaintiffs are not entitled to the recovery of pre-judgment or post-judgment interest pursuant to applicable Mississippi and/or federal law.

## TWENTY-NINTH DEFENSE

Plaintiffs are not entitled to an award of attorneys' fees, costs, and other expenses of litigation as a matter of law.

## THIRTIETH DEFENSE

MTC specifically does not waive any defect in Plaintiffs' Complaint by answering and preserves all objections to such deficiencies.

## THIRTY-FIRST DEFENSE

Any allegation in Plaintiffs' Complaint not expressly admitted herein is denied.

## THIRTY-SECOND DEFENSE

MTC pleads all applicable defenses in Rules 8 and 12 of the *Federal Rules of Civil Procedure* as well as the Prison Litigation Reform Act. MTC further asserts and/or reserves its right to assert any additional affirmative defenses that may be justified as additional facts become known.

## THIRTY-THIRD DEFENSE

Plaintiffs have failed to state any cause of action against MTC that would entitle them to recover punitive damages.

## THIRTY-FOURTH DEFENSE

MTC would show that it is immune from any punitive damages liability for claims brought pursuant to 42 U.S.C. § 1983 or state law.

## THIRTY-FIFTH DEFENSE

MTC denies that Plaintiffs are entitled to any recovery of punitive damages whatsoever against it; in the alternative, MTC pleads all rights, remedies and affirmative defenses available pursuant to *Miss. Code Ann.* § 11-1-65.

## THIRTY-SIXTH DEFENSE

An award of punitive damages in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the Mississippi Constitution, along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

## THIRTY-SIXTH DEFENSE

An award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

## THIRTY-SEVENTH DEFENSE

Any award of punitive damages against Defendants would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments and would also violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

## THIRTY-EIGHTH DEFENSE

Any award of punitive damages that is not based on the guidelines set forth in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny, including *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), would violate MTC's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

## THIRTY-NINTH DEFENSE

MTC avers that at all times it has exercised good faith efforts to comply with 42 U.S.C. § 1983 and other applicable laws and that any conduct alleged to be violative of those laws would be contrary to MTC's efforts and established policies and cannot serve to impose punitive damage liability upon MTC.

## ANSWER

AND NOW, without waiving any of the above and foregoing affirmative defenses or any other defenses whatsoever, MTC answers Plaintiffs' Complaint, paragraph by paragraph, as follows:

1. Paragraph 1 of Plaintiffs' Complaint does not contain any allegations that require a response from MTC. To the extent a response is required, and without admitting any liability in the premises and in fact strictly denying same, it is specifically and only admitted that Plaintiffs have filed a Complaint against MTC.

## JURISDICTION AND VENUE[1]

2. Without admitting any liability in the premises, MTC admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Without admitting any liability in the premises, MTC admits that venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division and that jurisdiction is proper under 28 U.S.C. § 1391(b). MTC denies that venue is proper in the Western Division.

## PARTIES

4. MTC specifically and only admits that, at all times material to Plaintiffs' Complaint,

---

[1] The headings herein are taken from Plaintiffs' Complaint and are being used solely for organizational purposes. To the extent such headings constitute allegations, they are denied.

Steven Buckley was a prisoner incarcerated at the East Mississippi Correctional Facility ("EMCF"). MTC denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint, specifically denying any and all liability in the premises.

5. MTC specifically and only admits that, at all times material to Plaintiffs' Complaint, Bobbie Jenkins was a prisoner incarcerated at the East Mississippi Correctional Facility ("EMCF") and was killed during an inmate on inmate assault on November 26, 2021. MTC denies the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint, specifically denying any and all liability in the premises.

6. MTC specifically denies that its "acts, omissions and events giving rise to Plaintiffs' complaint occurred under MTC's management" and any other allegation of liability or wrongdoing. Without admitting any liability whatsoever, MTC admits the remaining factual allegations of Paragraph 6 of Plaintiffs' Complaint.

7. MTC denies the allegations of Paragraph 7 of Plaintiffs' Complaint as they pertain to MTC.

**FACTS**

*Gang Violence and Inhuman Prison Conditions at EMCF[2]*

8. Without denying any and all liability in the premises, admitted.

9. Denied, specifically denying any and all liability in the premises.

10. MTC would state that any purported testimony of Frank Shaw speaks for itself.

11. MTC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint. Therefore, the same are denied.

12. Denied, specifically denying any and all liability in the premises.

13. Denied, specifically denying any and all liability in the premises.

---

[2] To the extent this subheading constitutes allegations, they are denied.

14. Denied, specifically denying any and all liability in the premises.

### *Brutal Assault on Buckley and Jenkins[3]*

15. MTC specifically and only admits that Buckley and Jenkins were incarcerated at EMCF, housed in the same zone and their cells were near each other. MTC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations. Therefore, the same are denied, specifically denying any and all liability in the premises.

16. Denied, specifically denying any and all liability in the premises.

17. MTC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint. Therefore, the same are denied.

18. Denied, specifically denying any and all liability in the premises.

19. MTC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint. Therefore, the same are denied.

20. MTC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint. Therefore, the same are denied.

21. MTC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint. Therefore, the same are denied.

22. Denied as stated, specifically denying any and all liability in the premises.

23. Denied as stated, specifically denying any and all liability in the premises.

24. Denied as stated, specifically denying any and all liability in the premises.

25. Denied as stated, specifically denying any and all liability in the premises.

### *MTC Deliberately Ignored Potential Harm to Buckley and Jenkins[4]*

26. Denied as stated, specifically denying any and all liability in the premises.

---

[3] To the extent this sub-heading constitutes allegations, they are denied.
[4] To the extent this sub-heading constitutes allegations, they are denied.

27. Denied as stated, specifically denying any and all liability in the premises.

28. Denied, specifically denying any and all liability in the premises.

29. Denied, specifically denying any and all liability in the premises.

30. Denied, specifically denying any and all liability in the premises.

31. Denied, specifically denying any and all liability in the premises.

32. Denied, specifically denying any and all liability in the premises.

33. Denied, specifically denying any and all liability in the premises.

34. Denied, specifically denying any and all liability in the premises.

**COUNT 1:**

**§ 1983 CAUSE OF ACTION:
UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, FAULRE TO TRAIN, SUPERVISE, STAFF AND DISCIPLINE[5]**

35. Paragraph 35 of Plaintiffs' Complaint does not contain allegations that require a response from MTC. To the extent that one is required, MTC denies the allegations.

36. Paragraph 36 includes legal conclusions that do not require a response from MTC. To the extent that one is required, MTC denies the allegations.

37. MTC denies the allegations in Paragraph 37 of Plaintiffs' Complaint, including each and every allegation in subsections a-e of Paragraph 37, denying all liability in the premises.

38. Denied, specifically denying any and all liability in the premises.

39. Denied, specifically denying any and all liability in the premises.

40. MTC denies the allegations in Paragraph 40, to include each and every allegation in subsections a-i of Paragraph 40, specifically denying any and all liability in the premises.

41. Denied, specifically denying any and all liability in the premises.

---

[5] To the extent this sub-heading constitutes allegations, they are denied.

## COUNT 2:

## § 1983 CAUSE OF ACTION

## RATIFICIATION[6]

42. Paragraph 42 of Plaintiffs' Complaint does not contain allegations such that a response is required. To the extent a response is required, MTC denies all allegations in Paragraph 42.

43. Denied, specifically denying any and all liability in the premises.

44. Denied, specifically denying any and all liability in the premises.

## COUNT 3:

## NEGLIGENCE/GROSS NEGLIGENCE[7]

45. Paragraph 45 does not contain allegations such that a response is required. To the extent a response is required, MTC denies all allegations in Paragraph 45.

46. Denied, specifically denying any and all liability in the premises.

47. Denied, specifically denying any and all liability in the premises.

## COUNT 4:

## NEGLIGENT HIRING AND SUPERVISION

48. Paragraph 48 does not contain allegations such that a response is required. To the extent a response is required, MTC denies all allegations in Paragraph 48.

49. Denied, specifically denying any and all liability in the premises.

## COUNT 5:

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

50. Paragraph 50 does not contain allegations such that a response is required. To the extent a response is required, MTC denies all allegations in Paragraph 50.

---

[6] To the extent this sub-heading constitutes an allegation, it is denied.
[7] To the extent this sub-heading constitutes an allegation, it is denied.

51. Denied, specifically denying any and all liability in the premises.

52. Denied, specifically denying any and all liability in the premises.

## COUNT 6:

## PUNITIVE DAMAGES

53. Paragraph 53 does not contain allegations such that a response is required. To the extent a response is required, MTC denies all allegations in Paragraph 53.

54. Denied, specifically denying any and all liability in the premises.

55. Denied, specifically denying any and all liability in the premises.

## PRAYER FOR RELIEF

MTC denies any and all allegations contained in paragraph 56 and its subsections of Plaintiffs' Complaint under the heading **"PRAYER FOR RELIEF,"** including subparts a.-f. inclusive, denying any and all liability in the premises and demanding strict proof thereof. Further, MTC specifically denies that Plaintiffs are entitled to any recovery or relief whatsoever in this action.

WHEREFORE, PREMISES CONSIDERED, Defendant Management & Training Corporation finally prays that this Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings, there be a judgment in its favor, with full prejudice and at Plaintiffs' costs.

RESPECTFULLY SUBMITTED, this the 3rd day of May, 2022.

**MANAGEMENT & TRAINING CORPORATION**

/s/ *Ray A. Young, Jr.*
R. Jarrad Garner (MSB #99584)
Ray A. Young, Jr. (MSB #105851)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
(p) 601-353-3234

(f) 601-355-9708<br>
jarrad.garner@arlaw.com<br>
ray.young@arlaw.com

## **CERTIFICATE OF SERVICE**

    I, R. Jarrad Garner, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

    THIS the 3rd day of May, 2022.

                                                  */s/ Ray A. Young, Jr.*

                                                  Ray A. Young, Jr.